FILED
Clerk
District Court

SEP 25 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

John S. Pangelinan
Reg. # 00400-005, Unit EC, Cell 4U
FDC SeaTac
Federal Detention Center
P.O. Box 13900
Seattle, WA 98198-1090

Pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Defendant. | Civil Action No. 07-0027<br><br>Motion for Reconsideration and Withdrawal of Order of September 6, 2007: Order Denying Motion Under 28 U.S.C. § 2255, and, for Continuance, Pursuant to Rule 12, Rules Governing Section 2255 Proceedings, and the Federal Rules of Civil Procedure, Rule 59 and Other Applicable Rules. |

COMES NOW, John S. Pangelinan, hereinafter "Pangelinan", and moves this court for reconsideration and withdrawal of Order of September 6, 2007: Order Denying Motion Under 28 U.S.C. § 2255, and, for continuance, pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings and of the Federal Rules of Civil Procedure, Rule 59 and other applicable rules. By "Order of September 6, 2007" is meant the one filed that day but executed August 24, 2007.

-1-

## Timeliness of Motion

This motion is timely under Rule 3(d) and Rule 12 of the Rules Governing Section 2255 Proceeding and Rule 6 and Rule 54(b) of the Federal Rules of Civil Procedure.

## Procedural Background

District Court denied Pangelinan's 28 U.S.C. § 2255 motion because an appeal is before the U.S. Court of Appeals for the Ninth Circuit of the underlying criminal case U.S.A. v. Pangelinan, Crim. Action No. 06-00012, District Court for the Northern Mariana Islands. The case (U.S.A. v. Pangelinan, Docket No. 07-10032, U.S. Court of Appeals for the Ninth Circuit) was submitted on the briefs and tentatively decided upon, pursuant to internal operating procedures (see Introduction: Court Structure and Procedures, E. Court Procedures for Processing and Hearing Cases, (8) Case Conferences, page xxix; and, Circuit Advisory Committee Note to Rules 34-1 to 34-3, (3) Disposition, page 140) on August 16, 2007 -- six days after Pangelinan mailed his 28 U.S.C. § 2250 motion to the district court and six days before the motion was actually filed with the said court. Pangelinan believes that the Ninth Circuit Court is in the process now of the writing of the courts opinion. Accordingly, the district court is of the opinion that it is without "subject matter jurisdiction" because the appellate court's opinion is not in the files of the district court.

Pangelinan, while in incarceration, filed this case with this district court for his release and discharge, and, more importantly, for vacation and dismissal of the judgment and the criminal

-2-

case above-referenced, and, just as important, for other remedies pertaining to other cases, under 28 U.S.C. §2255, All Writs Act (28 U.S.C. § 1651), and the Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202). Pangelinan is presently under the custody of the U.S. Government and satisfies the "case and controversy" requirements of Article III of the U.S. Constitution, 28 U.S.C. § 1331 and 28 U.S.C. § 2241, et seq. -- especially, Section 2255: Pangelinan being in custody pursuant to the conviction and sentence of this court in the above referenced criminal case. Thus, this court has jurisdiction (jurisdiction over the subject matter) of this case.

The court referenced Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1987) and Order, United States v. Pangelinan, No. 07-15315 (9th Cir. June 12, 2007), in stating that the court has no subject matter jurisdiction. But this is contrary to the facts showing jurisdiction in this court, and especially the language in 28 U.S.C. § 2255, that this sentencing court has jurisdiction over motion to vacate judgment by the person in custody and incarcerated by the court. See, Burton v. Stewart, 166 L.Ed.2d 628, 637 (2007)(district court has jurisdiction to consider petition (motion) notwithstanding that it had no jurisdiction over a "second and successive" petition (motion)). And, in Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), the court there said nothing of district court lacking jurisdiction to hear a 28 U.S.C. § 2255 motion and implied the contrary that "[T]his Court has held that '[e]xcept under most unusual circumstances... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in a effort to overturn the conviction and sentence.' Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970)."

-3-

## Statement of Facts

Pangelinan presents additional facts, in addition to the facts stated in the Section 2255 motion:

1. As told Pangelinan by his son, Christopher, the appeal was submitted on the briefs on August 16, 2007, by the U.S. Court of Appeals for the Ninth Circuit. The case is docketed by that Court as Case No. 07-10032. As of September 12, 2007, no entry has been made on the docket sheet in the case.

2. Pangelinan's release date, which will be the completion date of his sentence of incarceration of one year, pursuant to his conviction under the above-referred criminal case by this court, is presently calculated to be September 16, 2007, but will administratively be released on September 14, 2007. Pangelinan, however, has not (and will not) signed nor agreed to report to his probation officer for the carrying out of his supervised release sentence of a term of one year within 72 hours of his release, thus dis-empowering the Bureau of Prisons to release Pangelinan under the law.

3. Pangelinan reiterates and incorporates the facts stated in Paragraph 4, Page 4 of the motion for reconsideration dated August 6, 2007 (filed August 15, 2007) in Pangelinan v. U.S.A., Civil Action No. 07-0005, District Court for the

Northern Mariana Islands, as if they are fully stated herein.

4. Pangelinan's 28 U.S.C. § 2255 Motion was deposited for mailing with FDC SeaTac, Federal Detention Center, mailing system and received by this court and filed on August 22, 2007.

## Unusual Circumstances Exist

The 9th Circuit Court in Feldman v. Henman, 815 F.2d 1318, n.3 (9th Cir. 1987), speaks of a "power rest[ing] in a federal court that passes an order or decision to change its position on a subsequent review in the same cause, [but that] orderly judicial action, except in unusual circumstances, requires it to refuse to permit the relitigation of matters or issues previously determined on a former review." (underline originally in italics)(brackets mine). It reiterated the same thing but this time specifically in reference to 28 U.S.C. § 2255 in Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988): "This Court has held that '[e]xcept under most unusual circumstances... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in a effort to overturn the conviction and sentence.' Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970). The U.S. Supreme in Kaufman v. United States, 394 U.S. 217, 22 L.Ed.2d 227, 89 S.Ct. 1068 (1969), stated that "[w]ith regard to a postconviction proceeding under 28 U.S.C. § 2255 by a federal prisoner seeking to vacate, set aside, or correct the sentence... a direct appeal from conviction does not deprive the federal postconviction court of power to adjudicate the

-5-

merits of constitutional claims; the question rather is whether the case is one in which refusal to exercise such power would be appropriate." In the Feldman v. Henman case mentioned above, the 9th Circuit Court said that "[a] district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court. [Because], [t]he reason for this rule is that 'disposition of the appeal may render the [habeas corpus writ] unnecessary.'" Id. at 815 F.2d 1318, 1320 (underline italics in the original). The U.S. Supreme Court said that "a district court concerned about duplicative work CAN STAY the habeas application until this Court resolves the case OR ... denies the petition for certiorari." Lawrence v. Florida, 166 L.Ed.2d 924, 932 (2007)(underline mine). Thus, based on the facts surrounding this case, there exist unusual circumstances to permit the court to reconsider and withdraw its Order of August 24, which was filed September 6, 2007.

But for the 9th Circuit Court's opinion to issue, the appellate court's decision on the appeal has already been made and the appeal is no longer pending before it. The odd for a decision against Pangelinan is just as great as for a favorable one; but, regardless of whatever outcome, the need for the vacation of this court's judgment and dismissal of the case altogether is then -- even if the appellate court reverses the judgment in favor of Pangelinan, because Pangelinan will continue to have a "personal stake in a favorable outcome" of his 28 U.S.C. §2255 motion. Whereas, non-consideration and non-withdrawal of the Order will assuredly deprive this court of jurisdiction when Pangelinan will no longer be in custody

-6-

when such a decision should come down from the 9th Circuit Court. Furthermore, because the appeal is no longer pending, as it has already been submitted, the court's reason for denial is no longer valid and, for that matter, such a decision is not ripe at this stage in the matter.

### District Is Without Discretion or It Abused Its Discretion

"Unless the motion and files and record of the case conclusively show that the prisoner is entitled to no relief, the court <u>shall</u> cause notice thereof to be served upon the United States attorney..." 28 U.S.C. §2255, Paragraph 2 (underline mine). The motion, files and record of this case show that Pangelinan is entitled to a relief under Rule 4(b), Rules Governing Section 2255 Proceedings, and does not conclusively show under 28 U.S.C. §2255, Paragraph 2, ~~show~~ that Pangelinan "is entitled to No relief." In other words, when in doubt proceedings must proceed to the next stage in favor of the movant. District court's denial on the basis of unannounced decision of the appellate court is shaky and inconclusive, especially in this case when Pangelinan is indeed entitled to a relief. In fact, the approach most consistent with the authorities cited above is to stay the motion until announcement of the decision is made by the 9th Circuit Court.

District court is wrong to insist that, because of its denial of the motion without prejudice, that the "Clerk of Court shall not file any §2255 motion from the petitioner until the pending appeal is final." Order filed September 6, 2007. The court basically suspended Pangelinan's constitutional procedural

-7-

right to a habeas corpus motion, and has no authority to make such an order especially when it knows of Pangelinan's impending release from custody depriving truly this court of jurisdiction it now has. "A district court is wrong to conclude that, if respondent chooses to seek certiorari, he has to exhaust that remedy before filing a habeas petition." Roper v. Weaver, 162 L.Ed.2d 966 (2002). This court cannot put Pangelinan in the predicament the respondent was put by the district court in the said Roper case. That is, denying his 28 U.S.C. §2255 motion until his appeal is final, and which would put him past the date, by which Pangelinan must no later file his habeas motion, in exhausting appellate review of his case that incarcerated him and deprive him of the same court jurisdiction to entertain his case -- the date, and thereafter, Pangelinan will have fully served his sentence and no longer incarcerated. As Pangelinan has told this court this court, time and time again, that he is always entitled to his liberty and free from criminal liability related to the void judgment of this court in Civil Action No. 97-0073, and as the U.S. Supreme Court reiterated in Fay v. Noia, "personal liberty is so great a moment in the eye of the law," or to that effect, that such must at all times be safeguarded.

### Conclusion

Pangelinan's motion to reconsider and withdraw Order of August 24, 2007, which was filed on September 6, 2007, and for continuance of the matter must and should be granted.

-8-

Declaration

I declare under penalty of perjury that the facts stated in the Statement of Facts above are true and correct to the best of my knowledge and recollection, and that this Motion to reconsider and withdraw and for continuance was placed in the prison mailing system on September 13, 2007, first class postage prepaid.

*****

Executed on September 13, 2007.

_____
Signature of Movant
John S. Pangelinan

-9-