CV 07 - 0027

FILED
Clerk
District Court

OCT 25 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

October 17, 2007

Dear Clerk,

The U.S. Court of Appeals for the Ninth Circuit has entered a final judgment on October 11, 2007, terminating the appeal on the merits, on Doc. No. 07-10032, U.S.A. v. Pangelinan (this Court's Doc. # 06-0012).

This Court's order of August 24, 2007, Pangelinan v. U.S.A., Case No. 07-0027, is no longer a bar to the filing of the enclosed 28 U.S.C. § 2255 motion.

Please file the enclosed 28 U.S.C. § 2255 motion.

Sincerely,

[signature]

AO 243
(Rev. 12/04)

Page 1

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

(Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the appropriate form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for *the Northern Mariana Islands*
   Att: Prisoner Litigation Section *P.O. Box 500687, Saipan, MP 96950*

9. **CAUTION**: You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. <u>CAPITAL CASES</u>: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY, _Petition For_
_Writ Coram Nobis and For Declaratory Judgment, and For Other Relief_

| United States District Court | _District of the Northern Mariana Islands_ |
|---|---|
| Name (under which you were convicted): _John S. Pangelinan_ | _D.N.M.I._ Civil Action No. |
| Place of Confinement: _FDC SeaTac., Federal Deten-tion Center, Seattle, State of Washington_ | Prisoner No.: _00400-005_ |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |

v.   _John S. Pangelinan_

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _U.S. District Court for the Northern Mariana Islands, 1st Flr., Horiguchi Bldg., Gualo Rai, Saipan, Commonwealth of the Northern Mariana Islands_

   (b) Criminal docket or case number (if you know): _Criminal Case No. 06-00012_

2. (a) Date of the judgment of conviction (if you know): _I believe it to be on September 27, 2006_

   (b) Date of sentencing: _I believe it was on January 4, 2007_

3. Length of sentence: _One Year Imprisonment -- Fully Served on September 16, 2007, but am still imprisoned._

4. Nature of crime (all counts): _Two counts of Obstruction of Court Order for violation of 18 U.S.C. § 1509._

   _____
   _____
   _____

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

   _____ N/A _____
   _____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☑   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑
8. Did you appeal from the judgment of conviction?   Yes ☑   No ☐
9. If you did appeal, answer the following:
   (a) Name of court: U.S. Court of Appeals for the Ninth Circuit
   (b) Docket or case number (if you know): Docket No. 07-10032
   (c) Result: Affirmed in Part and Reversed in Part on October 11, 2007
   (d) Date of result (if you know): October 11, 2007
   (e) Citation to the case (if you know): U.S.A. v. Pangelinan
   (f) Grounds raised: Insufficiency of evidence to convict Pangelinan under 18 U.S.C. §1709; various trial errors by the Court, and, violation of Pangelinan's 5th & 6th Amendments Rights to due process and a fair trial. None of the grounds pertained to district court's jurisdiction, or anything related to the issues (especially the jurisdictional ones) raised in this motion. Issues are totally different and prayed reliefs are entirely different.
   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑
      If "Yes," answer the following:
      (1) Docket or case number (if you know): N/A
      (2) Result: N/A
      (3) Date of result (if you know): N/A
      (4) Citation to the case (if you know): N/A
      (5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
   Yes ☑   No ☐
11. If your answer to Question 10 was "Yes," give the following information:
   (a) (1) Name of court: District Court for the Northern Mariana Islands
       (2) Docket or case number (if you know): DC Docket No. 07-0022 (civil)
       (3) Date of filing (if you know): August 22, 2007 (mailed in prison on 8/10/07 -- I believe the date I mailed it).

Page 4

(4) Nature of the proceeding: Habeas corpus motion under 28 U.S.C. §2255

(5) Grounds raised: All the grounds raised here under Grounds One & Two.

_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

(7) Result: Motion denied for Court's "lack of subject matter jurisdiction."

(8) Date of result (if you know): Order dated August 24, 2007. File date: 9/06/07.

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: District Court for the Northern Mariana Islands

(2) Docket or case number (if you know): DC Docket No. 07-0027

(3) Date of filing (if you know): September 17, 2007 (mailed in prison on 9/13/07).

(4) Nature of the proceeding: Motion for Reconsideration, Withdrawal of Continuance.

(5) Grounds raised: That district court had jurisdiction and that the case was excepted from 9th Circuit Court precedent under Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1988) because "unusual circumstances" existed for the court to proceed with the case. District court denied Pangelinan's motion without prejudice under the Feldman case. The case was also excepted under Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) because "unusual circumstances" existed.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

(7) Result: Consideration by the court is still pending.

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☑ No ☐  Pangelinan v. U.S.A., DC Doc. #07-0015, 9th Cir. Doc. #07-16802

(2) Second petition: Yes ☐ No ☑

↳ Not yet, on the ones mentioned above.

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _On the ones mentioned above, I am awaiting determination by the district court. Unfavorable decision will certainly be appealed._

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: _District Court lacked subject matter jurisdiction in the Article III sense of U.S. Constitution for obstruction of void court order issued in Civ.A. 97-0073._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _District court order (obstructed one) is void because district court in Civ. A. 97-0073 was without Article III subject matter jurisdiction (plaintiffs (1) suffered no injury (no standing) and (2), if injured, injury (standing) is too remote in the prudential sense); was without personal jurisdiction over defendants — CNMI long arm statute invalid; and, also, without personal jurisdiction for insufficiency of service of process. FACTS: 1) District court found plaintiffs unable to be paid wages owed them by Papa's, Ltd., because assets of Papa's, Ltd., were transferred to Pangelinan for valuable consideration thereby judgment-proofed the corporation. 2) CNMI is not a state but a territory under complete sovereignty of the U.S.A. 3) Service of summons and complaint was by mail only which were received not by individual defendants, but by their daughter Tae._

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue? _Pangelinan's court-appointed attorney did not raise any of the above issues, notwithstanding Pangelinan's numerous urgings._
Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _Pangelinan urged the issues to be brought up in Court before trial, after trial (at sentencing) and in the appeal but Pangelinan's attorney never did._

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☑  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _It is the one mentioned above — See Questions #10-11 above._
Name and location of the court where the motion or petition was filed: _U.S. District Court for the Northern Mariana Islands, 1st Flr., Horiguchi Bldg., Garapan, Saipan, CNMI._

Page 6

Docket or case number (if you know): DC Doc. #07-0027(civil) -- also in #07-0023

Date of the court's decision: Aug. 24, 2007 (filed 9/06/07) -- for #07-0023, 7/27/07

Result (attach a copy of the court's opinion or order, if available): Motions denied. Motion for reconsideration, withdrawal and continuance filed on Sept. 17, 2007 (mailed in prison on Sept. 13, '07). Consideration is still pending with the Court.

(3) Did you receive a hearing on your motion, petition, or application? NO
Yes ☑  No ☑   Yes, for Doc. #07-0023 -- which is Doc. #07-16802, 9th Cir.
             No, for Doc. #07-0027 -- at least not yet.

(4) Did you appeal from the denial of your motion, petition, or application?
→ Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Right now a
Yes ☐  No ☐  Certificate of appealability is awaited, but issues will be raised.

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: U.S. Court of Appeals for the Ninth Circuit, San Francisco, California.

Docket or case number (if you know): 07-16802

Date of the court's decision: See (5) above

Result (attach a copy of the court's opinion or order, if available): No results yet

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND TWO: District Court lacked Article III (U.S. Constitution) subject-matter jurisdiction as 18 U.S.C. §1509 is not applicable to Pangilinan as a

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
"party and privy" to the obstructed court order; for double jeopardy grounds, and, for court's failure to exercise "least possible power to the end proposed." FACTS: 1) Jury found Pangilinan as "party and privy" to the obstructed court order. 2) Pangilinan, before his incarceration, was already punished by the Court by sale of his property in CA. 97-0073 for what essentially was a contempt of court. 3) The court did not exercise "least possible power to the end proposed" for what essentially was a contempt of court. 4) Pangilinan was indicted by Grand Jury for essentially a contempt of court charge.

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Pangelinan's court-
Yes ☐ No ☑  appointed attorney did not raise issues notwithstanding his
Rule 34, Fed.R.Crim.P., motion and pre-trial urgings by Pangelinan.

(2) If you did not raise this issue in your direct appeal, explain why: Pangelinan does not know
why his attorney did not on the Rule 34 motion and on the other issues. Pan-
gelinan believes that other issues were not raised at trial level and, therefore, could
not be raised in the appeal.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☑ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition: It is the one mentioned above -- See Questions 10-11 above.
Name and location of the court where the motion or petition was filed: U.S. District Court for
the Northern Mariana Islands, 1st Flr., Horiguchi Bldg., Garapan, Saipan, CNMI.
Docket or case number (if you know): DC Doc # 07-0027 (civil) -- also in # 02-0025
Date of the court's decision: Aug. 14, 2007 (filed 9/06/07) -- for #02-0025, 7/27/07.
Result (attach a copy of the court's opinion or order, if available): Motions denied. Motion for re-
consideration, withdrawal and continuance filed on Sept. 25, 2007 (mailed in
prison on Sept. 13, '07). Consideration is still pending with the Court.

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☑ No ☑  Yes, for Doc.# 02-0025 -- which is Doc.# 07-16802, 9th Cir.
No, for Doc.# 02-0027 -- at least not yet.

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Awaited, but
Yes ☐ No ☐  Right now a certificate of appealability is awaited, but
issues will be raised.

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: U.S. Court of Appeals for the
Ninth Circuit, San Francisco, California.
Docket or case number (if you know): 07-16802
Date of the court's decision: See (5) above
Result (attach a copy of the court's opinion or order, if available): No results yet

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: __N/A__

REQUEST: Court is requested to grant Pangelinan leave to access his computer, prepare, and to submit a supplemental memorandum (argument) in support of his motion.

GROUND THREE: Illegal detention in excess of permissible under 18 U.S.C. §1709, which even imprisonment for violation of supervised release cannot exceed. Sentence of supervision is illegal in this case.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Pangelinan served fully his maximum one year sentence of imprisonment under 18 U.S.C. §1709 on Sept. 14, 2007, Washington State date and place of imprisonment. The BOP date of release is based on CNMI date of Sept. 16, 2007. Pangelinan cannot be punished to imprisonment in excess of one year, in aggregate even for violation of supervised release sentence, under 18 U.S.C. §1709, which permits punishment of imprisonment not to exceed one year. Pangelinan, as of this date, is still in prison in continuation of his imprisonment sentence imposed by the Court in Crim. Action 06-0012.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?
  Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: My attorney did not and I do not know why. I believe he did not raise it because he did not think the matter would arise, as it did now.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
  Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition: __N/A__
Name and location of the court where the motion or petition was filed: __N/A__

Docket or case number (if you know): __N/A__
Date of the court's decision: __N/A__

Page 9

Result (attach a copy of the court's opinion or order, if available): __N/A__

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:   N/A
Name and location of the court where the appeal was filed: __N/A__

Docket or case number (if you know): __N/A__
Date of the court's decision: __N/A__
Result (attach a copy of the court's opinion or order, if available): __N/A__

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _The issue just arose on September 14, 2007 -- the day of my conditional release. There was no occassion before to bring it to the attention of the court._

**GROUND FOUR:** __None__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

[blank lines crossed out with X]

Page 10

(b) **Direct Appeal of Ground Four:** N/A

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) **Post-Conviction Proceedings:** N/A

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐ No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐ No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐ No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

Page 11

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Ground Three -- Reasons are stated on Ground Three, Question (7). REQUEST: Pangelinan requests that this motion be entertained by someone other than Judges Munson and Wiseman. The public was made aware by Pangelinan (by which he was convicted) letter to the editor of lawsuit coming to those who injured him. These judges are potential defendants to the lawsuit. They cannot, or can hardly, be impartial to this motion.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?  Yes ☑  No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. U.S. Court of Appeals for the Ninth Circuit, San Francisco, California, Doc. No. 07-16802. As noted above, a certificate of appealability is awaited on by Pangelinan

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: Steven P. Pixley, Attorney at Law, 2nd Flr, CIC Centre, Beach Road, Garapan, P.O. Box 7757 S.V.R.B., Saipan, MP 96950
(b) At arraignment and plea: Ditto

(c) At trial: Ditto

(d) At sentencing: Ditto

Page 12

(e) On appeal: _Ditto_

(f) In any post-conviction proceeding: _None. I appeared pro se_

(g) On appeal from any ruling against you in a post-conviction proceeding: _None. I appealed as pro se._

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☑ No ☐   _Sentenced to two counts served concurrently._

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _N/A_

    (b) Give the date the other sentence was imposed: _N/A_

    (c) Give the length of the other sentence: _N/A_

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

Page 13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*_____



_____
* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: vacate and set aside judgment in, and dismiss, Crim. A. 06-0012; issue writs of coram nobis or declaratory judgment under 28 U.S.C. §2201, 2202 vacating and setting aside judgments in Crim. A. #04-000N and the one entered on 10/9/02 or any other relief to which movant may be entitled, and vacating and setting aside final judgment, under 28 U.S.C. § 2201, 2202, in Civil Action 97-0073, and dismissing it altogether.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _October N, 2007_ (month, date, year), _first-class postage prepaid._

Executed (signed) on _October N, 2007_ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____
_____
_____

_____

\* \* \* \* \*