F I L E D
Clerk
District Court

OCT 29 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| JOHN S. PANGELINAN, | ) | Civil No. 07-0027 |
| | ) | Criminal No. 06-00012 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER DENYING |
| | ) | FIRST 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | ) | MOTION AS MOOT |
| | ) | |
| Defendant | ) | |

Plaintiff was convicted by a jury of two counts of obstruction of a court order, in violation of 18 U.S.C. § 1509. By memorandum opinion issued October 11, 2007, the U.S. Court of Appeals for the Ninth Circuit affirmed one conviction and reversed the other. Memorandum Opinion, No. 07-10032.

AO 72
(Rev. 08/82)

Prior to the issuance of the opinion of the Ninth Circuit, pro se plaintiff had moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The court received and filed plaintiff's motion on August 22, 2007.

By order dated August 24, 2007, the court denied plaintiff's § 2255 motion on the ground that it lacked subject matter jurisdiction because plaintiff's appeal of his criminal convictions were then still pending before the Ninth Circuit. The denial was without prejudice. The court also directed the Clerk's Office to accept no more 28 U.S.C. §2255 filings from plaintiff until the appeal had been decided.

On September 25, 2007, the court received and filed plaintiff's motion for reconsideration of the court's August 24, 2007, order denying his § 2255 motion.

On September 28, 2007, the court again received another, identical copy of the 28 U.S.C. § 2255 motion it had first received from plaintiff on August 22, 2007. Because the motion was filed in direct contradiction of the court's order, it was returned to plaintiff.

On October 11, 2007, the court issued an order denying plaintiff's motion for reconsideration.

On October 25, 2007, the court received another 28 U.S.C. § 2255 motion. On page two, plaintiff acknowledged that he has fully served his one-year imprisonment as of September 16, 2007, but is "still imprisoned."

As of October 26, 2007, the court was advised by the Probation Office that

plaintiff remains incarcerated solely because he refuses to sign the required "Agreement to Adhere to Installment Schedule Agreement for Unpaid Fines." The Bureau of Prisons cannot release an inmate who refuses to sign the agreement and may keep him incarcerated for up to an additional two years. The court is further advised that, as of this date, upon release plaintiff is facing a detainer filed by the State of Washington.

Because plaintiff has fully served the one-year sentence of imprisonment imposed upon him, he is no longer "in custody" for a reason directly related to his criminal sentence and he cannot seek relief under 28 U.S.C. § 2255. See 28 U.S.C. §§ 2241(c), 2254(a), 2255; Zegarra-Gomez v. I.N.S., 314 F.3d 1124, 1126-27 (9th Cir. 2003). An expired or completely served sentence does not meet the "in custody" requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the petitioner is serving the second of consecutive sentences (which plaintiff here is not). Garlotte v. Fordice, 515 U.S. 39, 45-46, 115 S.Ct. 1948 (1995).

Accordingly, for the foregoing reasons, this motion is denied as moot.

IT IS SO ORDERED.

DATED this ___ day of October, 2007.

DAVID A. WISEMAN
Judge

AO 72
(Rev. 08/82)

3