FILED
Clerk
District Court

NOV 23 2007

For The Northern Mariana Islands
By_______________
(Deputy Clerk)

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Defendant. | Civil Action No. 07-0027<br>Criminal Action No. 06-00012<br><br>Motion and Request for Disposition of Plaintiff's (Second) 28 U.S.C § 2255 Motion Filed on October 25, 2007 |

FOREWORD

"A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him."

Edwards v. Balisok, 520 U.S. 641, 137 L.Ed.2d 906, 914, 117 S.Ct. 1584 (1997)

Likewise, an order by a partial judge is entitled to be set aside by the party against whom it issued, especially when the order is utterly erroneous. In this case, Pangelinan has consistently requested Judge Wiseman's recusal from the case and Judge Wiseman has consistently ignored the requests, made in the 28 U.S.C. § 2255 motions

filed with the court on June 28, 2007 (C.A. #07-0025), on August 22, 2007, on September 28, 2007, and on October 25, 2007. But to no avail— Judge Wiseman has positioned himself to block any and all Section 2255 motions, notwithstanding the notice given him in all the motions that he is a potential defendant in an upcoming Bivens lawsuit. Now, with the decision of the U.S. Court of Appeals for the Ninth Circuit in Case No. 07-10032, a Biven's action for violation of Pangelinan's First Amendment (Free Speech) right against Judge Wiseman is utterly assured. The Ninth Circuit Court in its October 11, 2007, memorandum decision states: "Pangelinan's June 1, 2006, letter contains no language which any rational trier of fact could reasonably find expressed or implied a threat of physical or unlawful harm to person or property"; this gives rise to a cause of action (Biven's Action) against Judge Wiseman, when Count 1 of Pangelinan's conviction was reversed. Judge Wiseman had knowledge of all this when he issued his Order Denying First 28 U.S.C. § 2255 Motion As Moot, and was very much partial, so as not to be denied his defense of absolute judicial immunity in the upcoming lawsuit.

Judge Wiseman's Order Denying First 28 U.S.C. § 2255 Motion As Moot, dated and filed on October 29, 2007, in his conclusions of law, is absolutely wrong — this will be shown below. Pangelinan believes that, because it added nothing new to the court's denial of the first motion on August 24, 2007, Judge Wiseman issued his October 29, 2007, order for the sole purpose of blocking the second

28 U.S.C. §2255 motion filed with the court by Pangelinan on October 25, 2007, or to delay indefinitely its entertainment or to mislead the succeeding judge in his entertainment of the second motion filed October 25, 2007-- Judge Wiseman's order of October 29, 2007, issued without the benefit of a motion from any of the parties, nor was it proper under any of the rules, especially when it had already been denied Pangelinan's first motion on August 24, 2007, and was very much partial.

Thus, this motion is made out of Pangelinan's concerns of the above and to restore some decency in the district court in the handling of Pangelinan's 28 U.S.C. §2255 motions: "As for petitioner's concern that law enforcement officials and district judges will repeat with impunity the mootness producing abuse that he alleges occurred here: We are confident that as a general matter, district courts will prevent dilatory tactics by the litigants and will not unduly delay their own rulings; and that, where appropriate, corrective mandamus will issue from the court of appeals." Spencer v. Kemna, 523 U.S. 1, 140 L.Ed.2d 43, 56-57, 118 S.Ct. 978 (1998).

MOTION

COMES NOW JOHN S. PANGELINAN, herein referred to as "PANGELINAN", and moves this Court to proceed with the entertainment of Pangelinan's (second) 28 U.S.C. §2255 dated October 15, 2007, and filed with this Court on October 25, 2007 (Pangelinan does not know this motion's

assigned docket number)-- this is the motion referred to on Line 22, Page 2 of the Order Denying First 28 U.S.C. §2255 Motion As Moot, entered and filed on October 29, 2007. Further, Pangelinan moves this court for the recusal of Judge Wiseman from entertainment of the said second 28 U.S.C. §2255 motion. See, Declaration of John S. Pangelinan, attached hereto.

## Order Is No Bar

In addition to what is been said in the "FOREWORD" part above, the Order Denying First 28 U.S.C § 2255 As Moot of October 29, 2007, is no bar as Judge Wiseman's conclusions of law are absolutely erroneous. First, for purposes of "in custody" requirement of 28 U.S.C. § 2255, Pangelinan was, and still is, in custody of the Bureau of Prisons (BOP) pursuant to the custody commitment order and sentence at the time the first motion was filed on August 22, 2007, and pursuant to the custody commitment order and sentence -- likewise (including the sentence of fine which was entered on January 4, 2006, and as amended on October 19, 2007) -- at the time the second motion was filed on October 25, 2007, in U.S.A v. Pangelinan, Crim. Action 06-00012, U.S. District Court for the Northern Mariana Islands. Pangelinan's past and present incarceration have directly to do with U.S.A v. Pangelinan, Crim. Action 06-00012, U.S. District Court for the Northern Mariana Islands, and NO OTHER. Pangelinan's sentence had not expired yet when the first motion was filed -- sentence of imprisonment completed on September 16, 2007, and motion was filed on August 22, 2007.

While the second motion was filed on October 25, 2007, after the expiration of the sentence of imprisonment, Pangelinan continued to be held in custody by the BOP based on the presumed validity of the judgment of conviction and sentence of imprisonment, fine and supervised release entered by the district court on January 4, 2006, in U.S.A v. Pangelinan, Crim. Action No. 06-00012. BOP cannot release prisoners to supervision under 18 U.S.C. §3624(e) unless they agreed to a payment schedule in regards to a sentence of fine, which Pangelinan in this case disagreed because his contention is that the judgment, sentence, incarceration, fine, and schedule of payment are all void and illegal. Hence, Pangelinan's reason for all the 28 U.S.C §2255 motions ... to vacate the judgment and sentence and to dismiss the case altogether for lack of subject matter jurisdiction. See, Declaration of John S. Pangelinan, attached hereto; Spencer v. Kemna, 523 U.S. 1, 140 L.Ed.2d 43, 118 S.Ct. 978 (1998) (petitioner met "in custody" requirement because he was incarcerated at the time of filing of his petition).

Judge Wiseman is absolutely wrong to state that the controversy in this case, on the first 28 U.S.C §2255 motion, is moot. On the contrary, Pangelinan is still in custody pursuant to the sentence of imprisonment, fine and supervised release in U.S.A v. Pangelinan, Crim. Action No. 06-00012, U.S. District Court for the Northern Mariana Islands and 18 U.S.C. §3624(e); the U.S. Court of Appeals for the Ninth Circuit's affirmance of Count II of Crim. Action 06-00012 in its Case No. 07-10032 continued the presumed collaterally legal consequences arising from his affirmed conviction, and, that Pangelinan has a continuing stakes in the final outcome

of Crim Action 06-00012 and this case on Pangelinan's first 28 U.S.C. § 2255 motion. Likewise, the controversy in the other case on Pangelinan's second 28 U.S.C. § 2255 motion, the subject of this motion, existed at its filing and remains extant for the same aforementioned reasons. See, Declaration of John S. Pangelinan, attached hereto. As the U.S. Supreme Court stated:

> "'This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... The parties must continue to have a 'personal stake in the outcome' of the lawsuit.'"
>
> . . .
>
> "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"
>
> . . .
>
> "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because incarceration (or the restriction imposed by the terms of parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired [and released], however, some concrete and continuing injury other than now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained."
>
> . . .

"In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)."

Spencer v. Kemna, 523 U.S. 1, 140 L.Ed.2d 43, 49-50, 118 S.Ct. 978 (1998). Thus, this case is not moot nor is the other case on the second 28 U.S.C § 2255 motion filed October 25, 2007 -- again, Pangelinan does not know the case number docketed for the said motion. 28 U.S.C § 2255 motions are independent cases or actions and are docketed separately. See, Kaufman v. U.S., 394 U.S. 217, 22 L.Ed.2d 227, 236, 89 S.Ct. 1068 (1969).

Judge Wiseman made mention that Pangelinan "upon release plaintiff [Pangelinan] is facing a detainer filed by the State of Washington." Pangelinan does see any relevance this has to do with the motion to vacate Crim. Action No. 06-00012. Further, Pangelinan disputes that a detainer was filed by the State of Washington. See, Declaration of John S. Pangelinan, attached hereto. This information is not in the record of Crim. Action No. 06-00012, nor is it in the record of this civil action. Pangelinan remains incarcerated in order to obtain vacatur of Crim. Action 06-00012, thereafter he will proceed and deal with whatever underlies the so-claimed detainer, whether outside or under the Inter-state Agreement on Detainers Act. If the Court desires that such information be put to record, then it should proceed to

evidentiary hearing stage in the entertainment of the second 28 U.S.C. §2255 motion filed October 25, 2007.

Judge Wiseman Must Be Recused

Judge Wiseman faces an imminent Biven's Action lawsuit by civil from Pangelinan. The U.S. Court of Appeals for the Ninth Circuit conclusively showed in U.S.A v. Pangelinan, Doc. # 07-10032 that Pangelinan's First Amendment right was violated by federal officers and employees, and a Biven's Action arose therefrom. He cannot be allowed to position himself advantageously into blocking a proceeding that will take away his absolute judicial immunity defense in the upcoming lawsuit. The second 28 U.S.C. §2255 motion filed October 25, 2007 - and all Pangelinan's prior Section 2255 motion - goes to the court's subject matter jurisdiction in the most fundamental sense in Crim. Action 06-00012, and collaterally goes to the absolutely judicial immunity of all involved in that proceeding. As such, Judge Wiseman cannot be impartial, muchless give the appearance of impartiality, in the entertainment of second Section 2255 motion and he must be recused from it - for that matter, from all the cases in which he sat in this Court involving Pangelinan.

CONCLUSION

Based on the foregoing and above reasons, this motion must and should be granted. The second

18 U.S.C. §2255 motion must be expediously entertained, and with all diligent speed.

Executed this 7th day of November, 2007. Pangelinan certifies under penalty of perjury that this motion was placed in the prison mailing system on November 7, 2007, first-class postage prepaid.

[signature]

JOHN S. PANGELINAN
Plaintiff-movant

Reg. #00400-005, Unit FB, Cell 8, L.
FDC SeaTac
Federal Detention Center
P.O. Box 13900
Seattle, WA 98198

IN THE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN<br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Defendant. | Civil Action No. 07-0027<br>Criminal Action No. 06-00012<br><br>Declaration of<br><br>JOHN S. PANGELINAN |

I, John S. Pangelinan, declare the following statements:

1. I am presently incarcerated and in the custody of the Bureau of Prisons, FDC Seatac, Federal Detention Center at Seatac, State of Washington. My present incarceration is directly related and connected to the order of confinement entered by the U.S. District Court for the Northern Mariana Islands on January 4, 2007, in the criminal case U.S.A v. Pangelinan, Crim. Action No. 06-00012. I have been incarcerated continuously since October 4, 2006, to the present as a result of my conviction in the said criminal case only, and

not as a result of a different conviction of a different criminal case, nor is my incarceration in concurrence with another criminal case or consecutively served.

2. Because of the U.S. Court of Appeals for the Ninth Circuit's reversal of count I of my conviction in that court's case U.S.A. v. Pangelinan, Doc. No 07-10032, I will be bringing a Bivens Action against all those responsible federal officials, officers and employees, and Judge David A. Wiseman in particular, for violation of my First Amendment right of free speech and for damages.

3. I have demanded on at least two occassions to be provided a copy of the certified copy of any warrants lodged with the Bureau of Prisons here at Seatac as a detainer but was never provided by the bureau, to whom I made my demands, my demands. I am told that they are not provided to inmates detained in this facility. I have not been served with any process or summons and complaint regarding any action underlying any detainer that may be lodged against me with the bureau here.

I, John S. Pangelinan, declare the above under penalty of perjury under 28 U.S.C § 1746 to be true and correct to the best of my knowledge and recollection.

Executed this 7th day of November, 2007.

[signature]

John S. Pangelinan
Plaintiff-Movant

Reg. #00400-005; Unit FB, Cell 8, U
FDC Seatac
Federal Detention Center
P.O. Box 13900
Seattle, WA 98198