FILED
Clerk
District Court

AUG - 5 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN S. PANGELINAN, ) | Civil No. 07-0027 |
| ) | Criminal No. 06-00012 |
| Plaintiff ) | |
| ) | |
| v. ) | ORDER AFTER REMAND, |
| ) | DENYING 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, ) | MOTION |
| ) | |
| Defendant ) | |

THIS MATTER has been returned to the court by the July 22, 2008, memorandum decision of the U.S. Court of Appeals for the Ninth Circuit. *United States of America v. John S. Pangelinan*, No. 07-17395. That court has directed that Pangelinan's October 25, 2007, petition must be considered on the merits because he was still "in custody" within the meaning of the statute and this court still retained jurisdiction.

Background

A short history of this matter is as follows. On August 22, 2007, the court received plaintiff's *pro se* 28 U.S.C. § 2255 motion. On September 6, 2007, the court denied the motion, *without* deeming it to be plaintiff's first § 2255 petition. On September 25, 2007, the court received plaintiff's motion for reconsideration, which the court denied on October 11, 2007. On October 25, 2007, the court received plaintiff's "petition for a writ of coram nobis, declaratory judgment, and for 28 U.S.C. § 2255 relief." On October 29, 2007, the court denied the motion as moot, finding that plaintiff was no longer "in custody" for purposes of 28 U.S.C. § 2255. On November 13, 2007, plaintiff filed a notice of appeal of the court's October 29, 2007, order denying his first petition for 28 U.S.C. § 2255 relief. On January 28, 2008, the Ninth Circuit ordered that counsel be appointed for plaintiff unless he wished to proceed *pro se*. The court appointed counsel for the appeal on January 29, 2008.

In the intervening months, plaintiff has been declared a vexatious litigant by this court and has had a pre-filing order entered against him. A similar order was entered against plaintiff by the U.S. Court of Appeals for the Ninth Circuit on July 29, 2008. *See In re: John S. Pangelinan*, No. 08-80047.

Discussion

Because the court concludes that the motion and files and records conclusively show that plaintiff is entitled to no relief, the United States Attorney need not file an opposition and the court will decide the matter without hearing oral argument. Plaintiff's self-styled October 25, 2007, petition for a writ of coram nobis, declaratory judgment, and for 28 U.S.C. § 2255 relief alleges three errors entitling him to relief from his conviction in Criminal No. 06-00012.

The first alleged error is that the court "lacked subject matter jurisdiction in the Article III sense of the U.S. Constitution for obstruction of void court order issued in Civil No. 97-0073." The petition is denied on this ground because this argument has been made repeatedly by petitioner and rejected time and again, both here and on appeal. Indeed, it is petitioner's numerous filings related to the judgment against him in Civil No. 97-0073 that ultimately led to the entry of the pre-filing orders against him.[1]

---

[1] Judicial notice may be taken of the records and files in all these matters: *Angelito Trinidad, et al. v. John S. Pangelinan, et al.*, No. 97-0073 (D. N.M.I.), and its numerous related appeals, 32 Fed.Appx. 357 (C.A.9 (N.M.I.)), Numbers 00-15697, 00-15705, 00-16630, 01-16622, and 54 Fed.Appx. 470 (C.A.9 (N.M.I.)), No. 02-16013; the first civil damages action filed against Chief Judge Munson, among others, by the plaintiff, *Pangelinan v. Munson, et al.*, D.C. No. CV-02-0025 (D. N.M.I.), and its related appeals, 54 Fed.Appx. 472 (C.A.9 (N.M.I.)), No. 02-16884; the second damages action filed against Chief Judge Munson, among others, by the plaintiff, *Pangelinan v. Munson, et al.*, D.C. No. 1:04-CV-0010 (D. N.M.I.); and, the third damages action filed against numerous federal employees and private

The second alleged error is that the "District court lacked Article III (U.S. Constitution) subject-matter jurisdiction as 18 U.S.C. § 1509 is not applicable to Pangelinan as a 'party and privy' to the obstructed court order." The parts of the second ground that again invoke the "void judgment" in Civil No. 97-0073 are rejected for the same reason set forth in the preceding paragraph. As to petitioner's "party and privy" argument, he did not include a memorandum of law with his petition and says no more than what is quoted above. However, in a September 29, 2006, filing in *United States v. Pangelinan*, Crim. No. 06-00012 [Docket No. 51], he raised through counsel the "party and privy" argument that is again mentioned here. As the court understands his argument, petitioner maintains that he should not have been prosecuted under § 1509 because the letter to the editor which led to his conviction for obstruction under that statute was "not *per se* unlawful, although contemptible just as the court holds Pangelinan in civil contempt by its Order of September 7, 2006, in *Trinidad, et al. v. Pangelinan, et al.*, C.V. 97-0073[.]" Apparently, Pangelinan's argument hinges on his initial proposition that his letters did "not independently violate federal law." If that is indeed his argument, it was raised by his counsel in a September 26, 2006, motion for judgment of acquittal in Criminal No.

---

individuals, *Pangelinan v. Wiseman, et al.*, D.C. No. 1:08-CV-0004 (D. N.M.I.). PACER reveals a total of seventeen appeals related to matters having their genesis in the judgment in Civil No. 97-0073. *See also* June 16, 2008, Order of U.S. Court of Appeals for the Ninth Circuit in *In re: John S. Pangelinan*, No. 08-80047.

06-00012 [Docket No. 41], and rejected by this court in its order of November 26, 2007 [Docket No. 63]. More importantly, that argument was at least implicitly addressed by the Ninth Circuit in its decision, which reversed one of Pangelinan's two convictions under 18 U.S.C. § 1509 and affirmed the other. *See*, Memorandum Order, *United States v. Pangelinan*, No. 07-10032 (Oct. 11, 2007) (unpublished).

The third ground cited for relief by Pangelinan is that he suffered "[i]llegal detention in excess of permissible (*sic*) under 18 U.S.C. § 1509, which even imprisonment for violation of supervised release cannot exceed." Essentially, Pangelinan argues that he should have been released from prison on September 15, 2007, and was not. His claim is accurate as far as it goes, but he neglects to mention that he remained incarcerated due solely to his refusal to sign release documents. As stated in the May 30, 2008, order of this court:

> As of October 26, 2007, the court was advised by the Probation Office that plaintiff remains incarcerated solely because he refuses to sign the required "Agreement to Adhere to Installment Schedule Agreement for Unpaid Fines." The Bureau of Prisons cannot release an inmate who refuses to sign the agreement and may keep him incarcerated for up to an additional two years.

Because this purported ground for relief derives only from Pangelinan's intransigience and was not related to his term of imprisonment (which would not otherwise have exceeded the sentence imposed upon him), it is denied.

## Conclusion

Accordingly, for the reasons set out above, Pangelinan's "petition for a writ of coram nobis, declaratory judgment, and for 28 U.S.C. § 2255" is denied.

In an abundance of caution, the court deems this petitioner's first motion under 28 U.S.C. § 2255 but denies a certificate of appealability. Should petitioner wish to pursue this matter further, he must petition the U.S. Court of Appeals for the Ninth Circuit for a certificate of appealability. 28 U.S.C. § 2255(h).

IT IS SO ORDERED.

DATED this ___5___ day of August, 2008.

_____
DAVID A. WISEMAN
Judge